The opinion of the Court was delivered by
Cheves, J.
The practice of executing a writ of inquiry, in cases of replevin, originated on the 17 Car. 2, c. 7, sec. 2, which is not of force *50 in this State.[2] It lias nevertheless prevailed in our Courts. With us a verdict is usually taken on proof of the rent; the statute requires it to be limited by the value of the distress, if less than the amount of the rent; and the proof required must embrace both the value of the distress and the amount of the rent. The object of the statute was, that the fi. fa. should be final for the avowant to recover his ^damages, and to render the operation of the retorno habendo unnecessary, which was nevertheless a part of the judgment. (2 Sellon’s Practice, 179,180, 181.) Whether both can be attained under our irregular practice, I need not inquire ; nor whether the invariable practice will authorize the assessment of damages on proof of the rent only; because the only question made for the Court is, whether there was sufficient proof of the rent to authorize a verdict. The pleadings admitted the lease, in mode and form as set forth in the avowry, as well as the enjoyment by the tenant, and left nothing for the avowant to prove on the subject of the rent.
J. B. White, for the motion. Prioleau, contra.
The Court is therefore of opinion, in this point of view, that the verdict was authorized. The Court does not rely on the alleged admission in the plea of tender; and it considers this plea as abandoned by the plaintiff, as he did not oblige the defendant to rejoin, nor take judgment by default upon it.
The motion must be refused.
Colcock, Johnson and Nora, JJ., concurred.
Gantt, J., dissented.
See 1 Sp. 288 ; 2 Rich.. 402.

 Of this Act of Stat. 17, c. 2, the first and second" sections (called 2d,) have been inserted in 2 Stat. 552, but the third and fourth sections are omitted, whiGh are equally authoritative, and applicable here.

 Post, 195, 242.